GWIN, District Judge,
concurring.
I concur in the majority’s thoughtful and comprehensive opinion. I write separately to make clear that the district court retains the statutory and inherent discretion to resurrect previously dismissed claims and previously dismissed parties should later discovered evidence warrant it. See Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 Fed.Appx. 949, 959 (6th Cir.2004) (“District courts have authority both under common law and Rule 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.”).
Rule 54(b) of the Federal Rules of Civil Procedure provides the statutory vehicle for such revision. If a court decides fewer than all the claims presented, as is the case here, dismissed claims can be revived until the entry of final judgment. Fed. R.Civ.P. 54(b) (“[A]ny order ... that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties’ rights and liabilities.”). The district court’s ability to reconsider past rulings must be tempered by “the sound public policy that litigation be decided and then put to an end.” Petition of U.S. Steel Corp., 479 F.2d 489, 494 (6th Cir.1973).
In deciding whether to revisit previously dismissed claims or parties, a district court may consider “(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.” Rodriguez, 89 Fed.Appx. at 959. (citing Reich v. Hall Holding Co., 990 F.Supp. 955, 965 (N.D.Ohio 1998)). Simple reargument of evidence that had been available at the time of the earlier decision is usually not enough to warrant reconsideration. Id.
Rule 54(b) is particularly relevant in suits subject to the Private Securities Litigation Reform Act (PSLRA). The PSLRA, passed in 1995 after considerable lobbying by corporate and investment interests, mandates heightened pleading requirements to avoid dismissal. As one scholar notes, the PSLRA “created a super-heightened pleading standard for certain aspects of securities claims and deferred discovery until after resolution of an *511 inevitably protracted motion to dismiss .... ” Arthur Miller, From Conley to Twombly to Iqbal: A Double Play on the Federal Rules of Civil Procedure, 60 Duke L.J. 1,11 (2010). Such motions to dismiss, as is the case here, often include questions of “scienter, loss causation, reliance, and materiality — questions that formerly would have been considered trial worthy.” Id. Remarkably, the PSLRA imposes what amounts to a probabilistic pleading standard for scienter. See Tellabs v. Makor Issues & Rights, Ltd., 551 U.S. 308, 314, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007) (defining the “strong inference” of scienter under the PSLRA as “more than merely plausible or reasonable — it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent”).
If newly-found evidence in a PSLRA case supports a previously dismissed claim’s scienter (or materiality, or reliance, or loss causation) allegation, the district court could allow the claim to be revived. District courts are charged with enforcing rules “to secure the just, speedy, and inexpensive determination” of an action. Fed. R.Civ.P. 1. There’s a reason that “just” precedes “speedy.”